# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 12-6050
_____

In re: Raymond Kelley; Karen Patrice Kelley

*Debtor*s

------------------------------

Raymond Kelley; Karen Patrice Kelley

*Debtors - Appellants*

v.

Centennial Bank

*Movant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 23, 2013
Filed: January 30, 2013
_____

Before SCHERMER, FEDERMAN and SALADINO, Bankruptcy Judges.
_____

SCHERMER, Bankruptcy Judge

The Debtors Raymond Kelley and Karen Patrice Kelley, (the "Debtors") appeal from an August 31, 2012 order of the bankruptcy court[1] requiring the Debtors to convey to Centennial Bank (the "Bank") real property. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue in this appeal is whether the bankruptcy court erred in its interpretation of the phrase "abandon the properties to Centennial Bank," as used in its earlier order and in the Debtors' confirmed Chapter 11 plan, to require the Debtors to convey real property to the Bank.[2] We hold that the bankruptcy court acted within its discretion when it interpreted its order and the Chapter 11 plan to mean that the Debtors were required to convey the real property to the Bank.

## BACKGROUND

On May 18, 2010, the Debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). A few months later, the Debtors' case was converted to Chapter 11.

The Bank, a long-time creditor of the Debtors with a security interests in various parcels of the Debtors' real property, objected to confirmation of the Debtors'

---

[1] The Honorable Audrey R. Evans, United States Bankruptcy Judge for the Eastern District of Arkansas.

[2] The Debtors made additional arguments before the bankruptcy court regarding why they should not be required to convey the real property to the Bank. Because the Debtors did not address any of the additional arguments in their brief on appeal, we do not consider the additional arguments.

-2-

Chapter 11 plan and filed a motion to dismiss their bankruptcy case. As part of an Agreed Order, the Bank agreed to withdraw its motion to dismiss and its objection to confirmation of the plan provided that, within a certain period of time, the Debtors file an amended plan incorporating language from the Agreed Order. The Agreed Order states:

> Debtor and Centennial will jointly market the following properties for one year from the effective date of the Plan. In the event the properties do not sell within that period of time, Debtor will abandon the properties to Centennial Bank:
> a. 80 acres of land on Friendship Road;
> b. 30 acres of land on Friendship Road;
> c. Mayflower Car Wash, Miller Street, Mayflower, AR;
> d. Vacant lot next to Mayflower Car Wash;
> e. Gold Creek Car Wash, Mayflower, AR;
> f. Vacant lot 639 Hwy. 365, Mayflower, AR.

The Debtors filed an amended Chapter 11 plan that incorporates as its Paragraph 2.08.5 the language set forth above. The amended plan also incorporates other required language from the Agreed Order. The bankruptcy court confirmed the amended plan (the "Confirmed Plan").

The Agreed Order and Confirmed Plan address details regarding the sale of the properties listed in Paragraph 2.08.5 of the Confirmed Plan, including contingencies that could arise, such as disagreement about price. In addition, the Agreed Order and Confirmed Plan make separate provisions for times when the Bank may file ex parte motions for relief from the automatic stay for the Debtor's failure to comply with their other obligations under the Confirmed Plan, such as failure by the Debtors to keep tax and insurance on various properties current.

The one year period in the Agreed Order and in Paragraph 2.08.5 of the Confirmed Plan expired without a sale of the properties and the Debtors did not convey the properties to the Bank. Thereafter, the Bank filed a "Petition" with the bankruptcy court, seeking an order directing the Debtors to convey the properties to the Bank. The Debtors objected to the Bank's Petition. After a hearing, the bankruptcy court stated its position on the record and in a written order dated August 31, 2012 (the "August 31, 2012 Order"), noting that the evidence produced at the hearing showed that the Debtors had not cooperated with the Bank's efforts to market and sell the properties and that the properties had not been sold. The bankruptcy court interpreted the phrase "abandon the properties to Centennial Bank" used in the Agreed Order and in Paragraph 2.08.5 of the Confirmed Plan and enforced its Agreed Order and Confirmed Plan. The Debtors were required to "execute the necessary documents to convey to Centennial the parcels of real property referred to in the . . . Agreed Order, and included in Paragraph 2.08.5 of the Debtor's confirmed Chapter 11 plan."

## STANDARD OF REVIEW

The bankruptcy court's August 31, 2012 Order required it to interpret the phrase "abandon the properties to Centennial Bank" from the Agreed Order and the Confirmed Plan. A bankruptcy court's interpretation of its own order is reviewed for an abuse of discretion. *Trilogy Dev. Co., LLC v. J.E. Dunn Const. Co. (In re Trilogy Dev. Co.),* 468 B.R. 835, 837 (B.A.P. 8th Cir. 2012) (citation omitted). A bankruptcy court's "interpretation of the confirmed plan is entitled to deference as an interpretation of its own order and 'should be reviewed under the abuse of discretion standard.' " *JCB, Inc. v. Union Planters Bank, N.A.*, 539 F.3d 862, 869 (8th Cir. 2008) (quoting *Gen. Elec. Capital Corp. v. Dial Bus. Forms, Inc. (In re Dial Bus. Forms, Inc.),* 341 F.3d 738, 744 (8th Cir. 2003)). "An abuse of discretion will be found only if the court's judgment was based on clearly erroneous factual findings

or on erroneous legal conclusions." *Trilogy Dev. Co., LLC*, 468 B.R. at 837 (citation omitted). The abuse of discretion standard and the clearly erroneous standard are almost the same in their application. *Boyher v. Radloff (In re Boyher),* 467 B.R. 672, 675 (B.A.P. 8th Cir. 2012) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## DISCUSSION

The Debtors argue that the term "abandon," in the phrase "abandon the properties to Centennial Bank" as used in the Agreed Order and the Confirmed Plan, should not be interpreted to require the Debtors to convey the properties to the Bank. Rather, the Debtors maintain that the bankruptcy court should have interpreted "abandon" as a term of art under Bankruptcy Code § 554 to mean to abandon from the bankruptcy estate and revert to its pre-petition status as property of the Debtors, accordingly, the Bank might be allowed, at most, relief from the automatic stay to pursue its state law remedies.[3]

The Agreed Order and the Confirmed Plan do not define the term "abandon" as used in the phrase "abandon the properties to Centennial Bank." But the bankruptcy court is in the best position to interpret the meaning of its own orders.

---

[3] The Debtors also argue that the bankruptcy court's ruling was wrong because the ordinary dictionary definition of the term "abandon" means " 'to give up', 'to withdraw from', 'to cease from maintaining, practicing or using' ." As explained, the only meaning relevant here is the meaning used by the bankruptcy court when it interpreted the agreement of the parties as set forth in the Agreed Order and the Confirmed Plan.

-5-

*Trilogy Dev. Co., LLC*, 468 B.R. at 838 (citation omitted). And the bankruptcy court did not abuse its discretion in its interpretation.

The analysis provided by the bankruptcy court is logical, thorough and supported by the record. The court determined that the Bank refrained from exercising its rights at the time of the parties' settlement in exchange for its right to get the properties back after a year if they were not sold, and it interpreted the Agreed Order and Confirmed Plan to mean that the Debtors would cooperate in giving the properties to the Bank. The court read the Agreed Order and the Confirmed Plan as a whole, noting the thorough details and finding nothing ambiguous about the agreement of the partes. It stated at the hearing on the Petition: "Abandonment is not to be considered as some concept in the [Bankruptcy] Code or the common law. This is an agreement between two parties. It says if the properties do not sell, quote: 'The [D]ebtor will abandon the properties to Centennial.' That's just very clear."

In its August 31, 2012 Order, the bankruptcy court classified the Debtors' argument that the term "abandon" did not require a conveyance of the properties by the Debtors, as an argument that "elevates form over substance." Pointing out that the parties had provided language allowing the Bank to receive ex parte relief from the stay if the Debtors did not meet other obligations under the Confirmed Plan, the court stated that "if that were what the parties had bargained for in their agreement, that language would have been provided for in the Agreed Order and chapter 11 plan." The court noted that, instead, the parties agreed that the properties would be "abandoned *to Centennial*."

Recognizing that it would have been clearer if the parties had used the term "conveyed," the court stated that "the provisions of the Agreed Order, taken as a whole, clearly contemplate that if the properties did not sell, Centennial would obtain

-6-

the properties." With respect to "abandonment" as a term of art under the Bankruptcy Code, the court, stated that "[t]here is no evidence the parties intended to use the term 'abandon' to refer only to 'abandonment' by the estate as that term is used in 11 U.S.C. § 554 (which would not make sense in the context of the Agreed Order)." And we agree that abandonment under § 554 does not make sense here where the properties were to be abandoned specifically *to Centennial*.

The bankruptcy court's decision is not based on clearly erroneous factual findings or erroneous legal conclusions. The court acted within its discretion.

## CONCLUSION

The decision of the bankruptcy court is AFFIRMED.